Tiffany R. Caterina (SBN 280159)
   tcaterina@fkks.com
Vishwanath Kootala Mohan (SBN 313759)
   vmohan@fkks.com
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone:  (310) 579-9600
Facsimile:   (310) 579-9650

*Attorneys for Plaintiff JONATHAN GRAN*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JONATHAN GRAN, an individual, | Case No.: 2:19-cv-7671 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | |
| LIT MEDIA GROUP, LLC, a California limited liability company; ANTHONY RENE VILLALOBOS, an individual; and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1
COMPLAINT

Plaintiff Jonathan Gran, by and through his attorneys of record—Frankfurt Kurnit Klein & Selz, P.C.—complains against Defendant Anthony Rene Villalobos ("Rene") and Lit Media Group, LLC ("Lit Media") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq.

2. Defendants stole Plaintiff's original media content and reproduced it on Defendants' Instagram accounts, Dailyhumor_4u and thefuck.tv (collectively, the Meme Accounts), on which they post "memes."[1]

3. Defendants profit off of copyright infringement by gaining "followers" for and "engagement" with the Meme Accounts which translates into sponsorships and advertisements deals. Defendants brag about the money they make through these sponsorship and advertisement deals.

4. Defendants' entire business model is to steal and monetize other people's original creations, thus building Defendants' brands and bank accounts off of pilfered content, in violation of U.S. copyright laws.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this case arises under the Copyright Act and federal courts have exclusive jurisdiction over cases arising under the Copyright Act.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that Defendants reside in this Judicial District, the

---

[1] Memes are generally funny media content such as captioned videos and photos. *See Meme Definition*, Merriam-Webster, https://www.merriam-webster.com/dictionary/memes?utm_campaign=sd&utm_medium=serp&utm_source=jsonld ("an amusing or interesting item (such as a captioned picture or video) or genre of items that is spread widely online especially through social media[.]") (last visited Sep. 02, 2019).

claim arises in this Judicial District, Defendants may be found and transact business in this Judicial District, and a substantial part of the events giving rise to this civil action occurred in this Judicial District. Further, Defendants are subject to the general and specific personal jurisdiction of this Court because of their residence in and contacts with the State of California.

## PARTIES

7. Plaintiff is an individual residing in Pittsburgh, Pennsylvania.

8. Plaintiff is informed and believes that Defendant Lit Media is a California limited liability company with a principal place of business at 340 S. Lemon Ave., #4220, Walnut, California 91789.

9. Plaintiff is informed and believes that Defendant Rene is an individual residing in Los Angeles, California. Plaintiff is informed and believes that Defendant Rene is the sole owner/principal of Defendant Lit Media Group, LLC and operates the Meme Accounts.

10. Plaintiff is informed and believes that Defendants are the alter egos of each other there is an identity and unity of interests between Defendant Lit Media and its owner/principal, Defendant Rene, such that any separateness between them has ceased to exist and that adhering to the "fiction" of separate existence of Defendant Lit Media and its sole owner/principal, Defendant Rene, would, under the particular circumstances, promote injustice. Plaintiff is informed and believes that Defendant Rene is the sole owner, member, and decision-maker of Defendant Lit Media and exercises complete dominion over the management and operation of Lit Media and the Meme Account. Further, Plaintiff is informed and believes that Defendant Rene is the only decision maker regarding what media content is curated, created, edited, posted, and published on Defendant Lit Media's Instagram accounts. Plaintiff is informed and believes that Defendant Rene himself creates and publishes the media content on Defendant Lit Media's

Instagram accounts.  Further, Plaintiff is informed and believes that Defendant Rene has treated assets of Defendant Lit Media as his own, has wrongfully diverted assets of Lit Media to himself, and has comingled his own personal funds with those of Defendant Lit Media.

11. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *Plaintiff and the Copyrighted Work*

12. Plaintiff, better known by his alias "Ukinojoe," is a modern-day creator, director, distributor, and publisher of media content through animation, graphics, and videos.

13. Plaintiff makes, *inter alia*, short animated cartoons, such as *Great: The Show* and uploads them on his YouTube channel (*see* https://www.youtube.com/user/Ukinojoe/feed?activity_view=1).

14. YouTube allows users with successful YouTube channels, such as Plaintiff, to monetize their videos through YouTube's "Partner Program," which pays users a share of the advertising revenue generated through their videos.  The more views on the YouTube channel, the more advertising revenue can be generated. [2]  Once a channel is accepted, the user can begin to monetize the videos hosted on the channel by enabling the "Monetization" feature on the channel and

---

[2] *See YouTube Partner Program Overview*, YouTube Help, https://support.google.com/youtube/answer/72851#eligibility (last visited Sep. 02, 2019).

accepting the terms of YouTube's Content License Agreement (the "CLA"). Plaintiff is a party to YouTube's CLA.

15. Plaintiff's YouTube channel has over 100 videos, which have attracted over 655,000 followers and over a 135 million views.

### *Defendants and the Marketplace*

16. Defendant's Meme Accounts have over 5 million and 2 million followers, respectively. Defendants also boast that dailyhumor_4u receives over 70,000 new followers weekly and that thefuck.tv receives 10,000 new followers daily. True and correct screenshots of Defendants' website (taken on September 01, 2019), dailyhumor_4u's webpage (taken on December 31, 2018), and thefuck.tv's webpage (taken on September 01, 2019) are attached hereto as Exhibit A.

17. Plaintiff is informed and believes that Defendants make money through advertisements and sponsorship deals based on the engagement rate (number of "likes" and comments) and the number of followers of the Meme Account.[3]

18. Defendants understand U.S. Copyright laws and utilize them to Defendants' advantage. Defendants, on their DailyHumor website (*see* https://dailyhumor.co/), have detailed terms of use that discuss the applicability of copyright law to both Defendants' and third-party content. Defendants also have license agreements for user-submitted video content that details transferring copyrights. True and correct copies of Defendants' terms and license agreements available on their websites are attached hereto as Exhibit B.

//

---

[3] Defendants' number of followers puts them in the echelon of Instagram influencers who command the highest rates for advertising and sponsorship deals. *See The Influencers That Brands Work With Most Frequently*, Morning Consult, https://morningconsult.com/wp-content/uploads/2019/05/190528_Influencers_fullwidth.png;https://morningconsult.com/wp-content/uploads/2019/05/190528_Influencers2_sidebar.png (last visited Sep. 02, 2019).

*Defendants' Infringement*

19. Defendants, as illustrated below, reproduced, distributed, and publicly displayed the *Dog of Wisdom* video (the "Dog Video"), and derivatives thereof, at least on Defendants' Instagram account, at least on Defendants' Instagram accounts—dailyhumor_4u on at least September 11, 2017, January 15, 2018, and August 9, 2018 and thefuck.tv on at least October 13, 2017—without authorization from Plaintiff.










20. The Dog Video—a one-minute long video—was originally part of the *Great: The Show* series but was also uploaded independently on Plaintiff's YouTube channel. It is one of the most popular of Plaintiff's video amassing over 32 million views on YouTube alone.

21. Plaintiff registered his copyright in the Dog Video on June 21, 2019 (Reg. No.: PA0002196358). True and correct copies the Dog Video's copyright registration is attached hereto as Exhibit C.

22. On January 25, 2019, upon discovery of Defendants' copyright infringement, Plaintiff sent takedown notices under U.S. Digital Millennium Copyright Act (DMCA) per Instagram's policies[4] regarding the Meme Accounts.

23. Plaintiff is informed and believes that based upon the repetitive and numerous nature of Defendants' copyright infringement, Instagram shut down Defendants' Instagram account, dailyhumor_4u, itself on or around March 07, 2019; Defendants' other Instagram account, thefuck.tv, is still up on Instagram, and Plaintiff is informed and believes that Defendants' copyright infringement of

---

[4] *See How do I report copyright infringement on Instagram*, Instagram, https://help.instagram.com/126382350847838?helpref=page_content (last visited Sep. 02, 2019).

1  the Dog Video continues unabated thereon.

2      24.    On August 20, 2019, Defendants sent DMCA counter-notifications to
3  Plaintiff.

4      25.    Plaintiff is informed and believes that Defendants' have driven
5  significant traffic to at least the Meme Accounts due to the presence of the Dog
6  Video. Defendants' illegal use of the Dog Video garnered a high engagement rate
7  by raking in hundreds of thousands of views and numerous comments and shares.

8      26.    Defendants, through their illegal use of the Dog Video in their posts,
9  cross-promote other accounts on Instagram and other social media, such as
10 Snapchat, thus garnering high engagement rates and followers on the other
11 accounts as well.

12     27.    Plaintiff is informed and believes that all of this traffic translates into
13 substantial ill-gotten commercial advantage and revenue generation from content-
14 creation, licensing, sponsorship, and advertising opportunities for Defendants as a
15 direct consequence of their infringing actions. Defendant Rene regularly boasts
16 about his substantial ill-gotten revenue, i.e., the tens of thousands of dollars each
17 month, received in large part because of the success of the Meme Account.

18     28.    Defendants' actions have harmed Plaintiff's business, reputation, and
19 livelihood.

## CLAIM FOR RELIEF

*Copyright Infringement, 17 U.S.C. § 501, Against Defendants*

22     29.    Plaintiff incorporates herein by reference the allegations in paragraphs
23 1 through 28 above.

24     30.    Plaintiff owns the registered copyright in and to the Dog Video,
25 which registered copyright is attached as Exhibit C.

26     31.    By reproducing, displaying, distributing, and utilizing the Dog Video
27 for commercial purposes without authorization of or payment to Plaintiff in

violation of 17 U.S.C. § 501 et seq., Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's right to produce, reproduce, and distribute the Dog Video, including by authorized third parties.

32. Defendants' infringement has been undertaken willfully and knowingly, and with intent to financially gain from Plaintiff's protected copyright work.

33. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Dog Video for commercial purposes, including by increasing the traffic to their websites and licensing, sponsorship, and advertisement deals.

34. Defendants' wrongful acts have caused, and are causing, irreparable harm to Plaintiff, of which there is no adequate remedy at law, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will continue to suffer irreparable injury. Accordingly, Plaintiff seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

35. As a result of Defendants' wrongful actions alleged herein, Plaintiff has suffered and is suffering substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable. Plaintiff is entitled to actual damages in an amount to be proven at trial for the infringement of the Dog Video.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Pursuant to 17 U.S.C. § 502, this Court enter an injunction enjoining Defendants, their parents, officers, agents, servants, employees, representatives,

1 and attorneys, and all person in active concert or participation with them from
2 copying, reproducing, displaying, promoting, advertising, distributing, or selling
3 the Dog Video or any other work based thereon;

  2. This Court order an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiff's copyrights;

  3. Pursuant to 17 U.S.C. § 504, this Court enter an award in favor of Plaintiff and against Defendants of actual damages suffered by Plaintiff as a result of Defendants' copyright infringement and any profits of Defendants attributable to the infringement;

  4. This Court enter an award in favor of Plaintiff and against Defendants for any such other and further relief as the Court may deem just and appropriate.

DATED: September 4, 2019  Respectfully submitted,

         **FRANKFURT KURNIT KLEIN + SELZ PC**

         By:  */s/ Vishwanath Kootala Mohan*
           Tiffany R. Caterina
           Vishwanath Kootala Mohan

           Attorneys for Plaintiff
           *JONATHAN GRAN*

## DEMAND FOR JURY TRIAL

Plaintiff Jonathan Gran hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

DATED:  September 4, 2019                    Respectfully submitted,

**FRANKFURT KURNIT KLEIN + SELZ PC**

By:    */s/ Vishwanath Kootala Mohan*
       Tiffany R. Caterina
       Vishwanath Kootala Mohan

Attorneys for Plaintiff
*JONATHAN GRAN*